UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REX KINLAW,

      Plaintiff,

v.                                       Case No. 6:17-cv-1086-Orl-37TBS

JIMMY HULA'S UCF, LLC,

      Defendant.
_____

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Incorporated Memorandum of Law In Support (Doc. 25 ("**Motion**")) and Plaintiff's opposition (Doc. 26). For the following reasons, the Motion is due to be denied.

## I.    BACKGROUND

In this employment discrimination case, Plaintiff asserts that he was unlawfully terminated from his position as a line cook for Defendant's restaurant located a stone's throw from the University of Central Florida campus ("**UCF Location**"). (Doc. 19, ¶¶ 10, 12.) Plaintiff claims that two of his managers cornered him, accused him of sexually harassing three female co-workers on October 7, 2015, and terminated him on the spot ("**Sexual Harassment Accusations**"). (*Id.* ¶¶ 10, 15, 17–19.) An investigation, Plaintiff contends, would have cleared him of these false charges, as he was not working on October 7, 2015. (*Id.* ¶¶ 18–19.) But Defendant, intent on matching its staff with the collegiate crowd that frequents the UCF Location, refused to allow Plaintiff to give a

statement. (*Id.* ¶ 10, 19.) According to Plaintiff, Defendant fabricated the Sexual Harassment Accusations in order to terminate him because he is a male and the only non-managerial employee 40 years of age. (*Id.* ¶ 13, 16–17.)

Based on the Sexual Harassment Accusations, Plaintiff maintains that "he was treated differently and less favorably" than similarly situated female employees and younger employees because "[n]o female employee was ever falsely accused of sexual harassment" nor has any "younger employee—male or female—. . . [been] falsely accused of sexually harassing three women or fired on fraudulent, defamatory[,] and malicious grounds." (*Id.* ¶¶ 20–22, 27, 38.) Prior to these false accusations, Plaintiff contends he had a superlative employment record. (*Id.* ¶ 23.)

Following his termination, Plaintiff initiated this action alleging that Defendant terminated him on the basis of his gender and age. (*Id.* ¶¶ 25–45.) In Count I, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 ("**Title VII**") and the Florida Civil Rights Act ("**FCRA**"). (*Id.* ¶ 26.). In Count II, Plaintiff alleges violations of the Age Discrimination in Employment Act of 1967 ("**ADEA**") and the FCRA. (*Id.* ¶ 37.) Defendant then filed the instant Motion. (Doc. 25.) Plaintiff opposed (Doc. 26), and the matter is now ripe for the Court's consideration.

## II.    LEGAL STANDARDS

The Federal Rules of Civil Procedure set forth minimum pleading requirements. Rules 8 and 10 require plaintiffs to provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise, and direct."); *see also*

Fed. R. Civ. P. 10(b). The "short and plain statement" must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim is not plausible "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2008).

In applying notice pleading principles, courts should: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290–91 (11th Cir. 1990); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347 (11th Cir. 2016) (accepting truth of "the allegations in the complaint" and construing "them in the light most favorable to the plaintiffs"). In doing so, "courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. Further, courts may dismiss any claim that rests only on "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   ANALYSIS

In Counts I and II, Plaintiff improperly comingles state and federal causes of action in a single count in violation of Rule 10(b). (*See, e.g.*, Doc. 19, ¶¶ 26–27, 37–38.)

Notwithstanding this pleading deficiency, Defendant seeks dismissal of Plaintiff's gender and age discrimination claims—under both federal and state law—arguing that Plaintiff has failed to plead sufficient facts.[1] (Doc. 25, pp. 7–14.) The Court disagrees.

## A.    Gender Discrimination Claims

Plaintiff first asserts a claim for gender discrimination under Title VII and the FCRA. (Doc. 19, ¶ 27.) Both Title VII and the FCRA proscribe employers from discriminating against employees on account of the employee's gender.[2] 42 U.S.C. § 2000e–2(a)(1); Fla. Stat. § 760.10(1)(a). Liability under Title VII encompasses disparate treatment or intentional discrimination by a tangible employment action, such as a termination. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009); *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (en banc). To state a disparate treatment claim, a plaintiff "need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) *overruled in part on other grounds by Towmbly*, 550 U.S. at 544 (noting that the prima facie case "is an evidentiary standard, not a pleading requirement").[3] To survive dismissal, a complaint "must simply provide

---

[1] Defendant also seeks dismissal of an apparent hostile work environment claim. (Doc. 25, p. 11.) In his response, Plaintiff points out that he is not asserting such a claim. (Doc. 26, pp. 8–9.) Thus, the Court limits its discussion to a fair reading of the Amended Complaint, which does not contain a hostile work environment claim. (*See* Doc. 19, ¶¶27, 38.)

[2] "The [FCRA] was patterned after Title VII, and Florida courts have construed the [FCRA] in accordance with decisions of federal courts interpreting Title VII." *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). The Court therefore applies the same analysis to both claims.

[3] *Twombly* did not affect *Swierkiewicz's* holding that a plaintiff is not required to plead a prima facie case of discrimination in order to survive dismissal. *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 n.4 (11th Cir. 2014).

enough factual matter to plausibly suggest intentional discrimination." *Evans v. Ga. Regional Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

When viewed in the light most favorable to Plaintiff, his allegations plausibly suggest that Defendant intentionally discriminated against him on the basis of his gender when it terminated him. Specifically, Plaintiff alleges that Defendant terminated him based on the Sexual Harassment Accusations while knowing that such charges were false. (Doc. 19, ¶ 27.) Standing alone, the Sexual Harassment Accusations suggest that Defendant terminated Plaintiff based on these false charges, not his gender. *See, e.g., Nurse v. Teleperformance, Inc.*, No. 1:15-CV-94, 2016 WL 3766374, at *3 (S.D. Ga. Jul. 8, 2016) (dismissing the plaintiff's Title VII gender discrimination claim because plaintiff's allegations suggested only that the defendant fired him based on false accusations that it knew were false and did not allege that he was terminated because of his gender). But Plaintiff further alleges that because the Sexual Harassment Accusations are gender-based, Defendant chose to level them against him because of his gender, and no female employee was ever falsely accused of sexual harassment. (Doc. 19, ¶ 27.) Such factual allegations are sufficient to survive dismissal.

Defendant counters that dismissal is required because Plaintiff fails to specifically identify female comparators—an element of a prima case of intentional discrimination.[4] (*See* Doc. 25, pp. 9, 11–12.) Such an argument fails to appreciate that at the pleading stage

---

[4] *See Trask v. Sec'y of Dep't of Veteran Affairs*, 822 F.3d 1179, 1192 (11th Cir. 2016) (setting forth the elements of a prima facie case of discrimination under Title VII).

Plaintiff need not allege every element of a prima facie case. *See Evans*, 850 F.3d at 1253; *see also Pinkney v. Maverick Condo. Ass'n, Inc.*, No. 6:11-cv-241-Orl-19DAB, 2011 WL 2433505, at *1, *3 (M.D. Fla. June 14, 2011) (denying motion to dismiss sex discrimination claim despite the plaintiff's failure to plead specific male comparators). Thus, as to Plaintiff's gender discrimination claims under Title VII and the FCRA, the Motion is due to be denied.

**B.    Age Discrimination Claims**

Plaintiff next alleges age discrimination claims under the ADEA and the FCRA. (Doc. 19, ¶ 37.) The ADEA forbids discharging an employee who is at least 40 years of age "because of" the employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). Similarly, the FCRA makes it unlawful to "discharge or to fail or refuse to hire any individual . . . because of" that individual's age. Fla. Stat. § 760.10(1)(a).[5]

Like Title VII, the ADEA recognizes disparate treatment claims and does not require facts directed at every element of a prima case of discrimination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *Swierkiewicz*, 550 U.S. at 544 (noting that "the prima facie case operates as a flexible standard" that "should not be transported into a rigid pleading standard for discrimination cases"). To plead an ADEA claim, courts have required a plaintiff to allege facts that plausibly establish that his age was a but-for cause of his termination. *See, e.g., Pinkney*, 2011 WL 2433505, at *3; *see also Gross*, 557 U.S. at 177–

---

[5] Age discrimination claims under the FCRA are analyzed under the same framework as the ADEA. *Zaben v. Air Prods. & Chemicals, Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997). The Court therefore applies the same analysis to both claims.

78 (interpreting the ADEA to require but-for causation).

Accepted as true, Plaintiff's allegations suggest that Defendant terminated him because of his age. Specifically, Plaintiff alleges that the Sexual Harassment Accusations leveled against him were conjured up so that Defendant could maintain a workforce free of 40-year-old employees. (Doc. 19, ¶¶ 10, 13.) As Plaintiff was the only 40-year-old employee, Plaintiff further alleges that he was treated differently than similarly situated, younger employees who were not subject to the Sexual Harassment Accusations. (*Id.* ¶¶ 13, 15.)

Defendant posits that Plaintiff's age discrimination claims fail because Plaintiff: (1) has not alleged with specificity any younger comparators; and (2) has failed to demonstrate that Defendant terminated him *because of* his age, as Plaintiff was hired at age 39 and terminated only a month after he turned 40. (*See* Doc. 25, pp. 8–9, 11.) Neither of these arguments requires dismissal at this stage. Hence, with respect to Plaintiff's age discrimination claims under the ADEA and the FCRA, the Motion is due to be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Jimmy Hula's UCF, LLC's Motion to Dismiss Plaintiff's Amended Complaint with Incorporated Memorandum in Support (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 30, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record